IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NICOLE SHANELLE VANN-EL,**

    Petitioner,

    v.                                              CASE NO. 25-3171-JWL

**UNITED STATES DISTRICT COURT,**

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner proceeds pro se. The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and finds that this matter is subject to dismissal.

Petitioner alleges that her beneficiary/heir was unlawfully removed from her custody. (Doc. 1, at 1.) Petitioner alleges that the removal was done without judicial process or a valid court order. *Id*. She seeks an "emergency writ of habeas corpus compelling the immediate production of [her] heir." *Id*. Petitioner alleges that her heir was unlawfully seized "while asking for assistance-no warrant, without court order, no judicial finding of unfitness." *Id*. Petitioner alleges a violation of her parental rights and due process. *Id*. at 2. Petitioner alleges a destruction of property due to their garments being ripped by the Wichita Police Department ("WPD") to gain control. *Id*.

Petitioner alleges that the WPD "quickly concluded and fled the scene" with her daughter when advised that a family member was on the way. *Id*. Petitioner alleges that WPD provided no information as to where they had taken her daughter and advised family members to have no contact with Petitioner. *Id*. Petitioner asks this Court to order DCF/CPS, the WPD, and any third-

party custodians to produce the minor without delay. *Id*. at 3.

Petitioner alleges that she was in a "shelter program" that included "affiliated transportation." *Id*. at 5. She alleges that the day before she was to appear in court, the shelter program abruptly informed her that she was not a good fit and told her to leave. *Id*. Petitioner alleges that she had to pay an Uber to drive her to her court appearance. *Id*. at 6. She claims that after court concluded, she remained downtown and despite telling officers that her mother was on her way to pick them up, WPD made an abrupt decision to remove her daughter, concluding that her daughter "was not safe with [her]." *Id*. Her daughter is now in state custody. *Id*. Petitioner alleges that she has now secured housing and transportation and is fully capable of resuming care and custody of her daughter. *Id*.

The United States District Courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in-custody language . . . is jurisdictional." *Rosales v. Milyard*, 541 F. App'x 874, 880 (10th Cir. 2013) (citing *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008)).

The in-custody requirement "encompasses not only individuals subject to immediate physical imprisonment, but also those subject to restraints not shared by the public generally that significantly confine and restrain freedom." *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009) (citing *Lehman v. Lycoming County Children's Servs. Agency,* 458 U.S. 502, 510 (1982)). Examples of such restraints include being on parole under an unexpired sentence, being subject to a suspended sentence, or commitment to a mental institution. *Id*. Where neither imprisonment nor probation supervision are alleged and the petitioner's liberty is not restrained, the petitioner is not "in custody." *Dow v. Circuit Court of First Circuit Through Huddy*, 995 F.2d 922 (9th Cir.

1993).

Petitioner is not in custody, but alleges that her daughter is in state custody. The Tenth Circuit has long recognized that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Stricker-Campos v. Laramie Cnty. Dist. Court*, 546 F. App'x 805, 807 (10th Cir. 2013) (unpublished) (citation omitted); *see also Ponder v. Allison*, 80 F. App'x 385, 386 (6th Cir. 2003) (finding that "Federal courts lack jurisdiction to declare rights in the domestic relations context" and that "[t]he district court properly concluded that it lacked jurisdiction to alter the child custody decree entered by a state court") (citations omitted).

The United States Supreme Court has said that "[a]lthough a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody." *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511–12 (1982). "[F]ederal courts consistently have shown special solicitude for state interests 'in the field of family and family-property arrangements.'" *Id*. at 512 (quoting *United States v. Yazell*, 382 U.S. 341, 352 (1966)); *see also Antar v. Lodice*, 2025 WL 1594752, at *1 (D. Conn. 2025) (noting that although *Lehman* involved a petition under § 2254, the analysis applies to a petition under § 2241) (citing *United States ex rel. Mueller v. Missouri Div'n of Family Servs.*, 123 F. 3d 1021 (8th Cir. 1997) (applying *Lehman* to a habeas petition brought under section 2241 and holding that jurisdiction did not exist [to] challenge state agency's custody of child while child custody dispute was pending); *Jones-Bey v. Chen*, No. 21-cv-6142 (LTS), 2021 WL 4255056 (S.D.N.Y. Sept. 17, 2021); *York v. Virginia*, No. 7:12-cv-0019, 2012 WL 178357, at *1 (W.D. Va. Jan. 23, 2012) ("Under *Lehman* . . . children in foster care are not in the 'custody' of the state within the meaning of §§ 2241 or 2254"); *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005)

3

(district court acted within its discretion in applying the § 2254 rules to a § 2241 proceeding)). Therefore, Federal habeas corpus relief is not available to challenge child custody or parental rights. The Petition is dismissed without prejudice for lack of jurisdiction.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for lack of jurisdiction. The motion for leave to proceed in forma pauperis (Doc. 2) is **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**Dated August 27, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
