IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NICOLE SHANELLE VANN-EL,**

    **Petitioner,**

    v.                                                     **CASE NO. 25-3171-JWL**

**UNITED STATES DISTRICT COURT,**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner proceeds pro se. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismissed this matter for lack of jurisdiction on August 27, 2025. (Docs. 4, 5.) This matter is before the Court on Petitioner's Motion to Reopen (Doc. 7).

The underlying allegations are set forth in the Court's Memorandum and Order at Doc. 4. In summary, Petitioner alleges that her daughter was unlawfully removed from her custody and placed in state custody. Petitioner asked this Court to order DCF/CPS, the Wichita Police Department, and any third-party custodians to return her daughter.

The Court dismissed the Petition without prejudice for lack of jurisdiction. Petitioner has now filed a motion to reopen under Fed. R. Civ. P. 60(b)(6). (Doc. 7, at 2.) Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has

>    been reversed or vacated; or applying it prospectively is no longer
>    equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner's motion asks the Court to reopen this case and direct HUD and Section 8 to provide emergency housing and transportation within 24 hours, and to oversee the return of her daughter. (Doc. 7, at 2.) Petitioner lists various statutes and constitutional amendments, including freedom of religion under the First Amendment, the Religious Freedom and Restoration Act, the Supremacy Clause, the Full Faith and Credit Clause, HUD Relocation Regulations, and the Fair Housing Act Retaliation Provisions. *Id*. at 3. Petitioner argues that her heir/daughter is unlawfully detained by local authorities, thereby triggering immediate habeas protections. *Id*. at 7. Petitioner signs the motion as "Her Imperial Majesty Nicole-Shanelle Vann-El, Beneficiary & Executor of the Federally Authenticated Private Estate Ordained Minister & Head of the Kingdom of Vannara." *Id*. at 4.

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). Revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is likewise inappropriate. *Id*.

Petitioner has not shown that relief under Rule 60(b)(6) or any other subsection of Rule 60(b) is warranted. She has failed to assert exceptional circumstances warranting relief under Rule 60(b). Because Petitioner's motion was filed within 28 days after the entry of the order, the

2

Court will also consider it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Petitioner has failed to show that reopening this case is warranted under either Rule 59 or Rule 60. The Court dismissed this matter for lack of subject matter jurisdiction. The Court found that Petitioner is not in custody, but alleges that her daughter is in state custody. The Tenth Circuit has long recognized that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Stricker-

3

*Campos v. Laramie Cnty. Dist. Court*, 546 F. App'x 805, 807 (10th Cir. 2013) (unpublished) (citation omitted); *see also Ponder v. Allison*, 80 F. App'x 385, 386 (6th Cir. 2003) (finding that "Federal courts lack jurisdiction to declare rights in the domestic relations context" and that "[t]he district court properly concluded that it lacked jurisdiction to alter the child custody decree entered by a state court") (citations omitted).

The United States Supreme Court has said that "[a]lthough a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody." *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511–12 (1982). "[F]ederal courts consistently have shown special solicitude for state interests 'in the field of family and family-property arrangements.'" *Id*. at 512 (quoting *United States v. Yazell*, 382 U.S. 341, 352 (1966)); *see also Antar v. Lodice*, 2025 WL 1594752, at *1 (D. Conn. 2025) (noting that although *Lehman* involved a petition under § 2254, the analysis applies to a petition under § 2241) (citing *United States ex rel. Mueller v. Missouri Div'n of Family Servs.*, 123 F. 3d 1021 (8th Cir. 1997) (applying *Lehman* to a habeas petition brought under section 2241 and holding that jurisdiction did not exist [to] challenge state agency's custody of child while child custody dispute was pending); *Jones-Bey v. Chen*, No. 21-cv-6142 (LTS), 2021 WL 4255056 (S.D.N.Y. Sept. 17, 2021); *York v. Virginia*, No. 7:12-cv-0019, 2012 WL 178357, at *1 (W.D. Va. Jan. 23, 2012) ("Under *Lehman* . . . children in foster care are not in the 'custody' of the state within the meaning of §§ 2241 or 2254"); *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the § 2254 rules to a § 2241 proceeding)). Therefore, Federal habeas corpus relief is not available to challenge child custody or parental rights.

Petitioner does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). She has also failed to assert exceptional circumstances warranting relief under Rule 60(b). In sum, Petitioner has failed to meet the standard required for this Court to alter or amend its August 27, 2025 Order and Judgment, and that ruling stands. Petitioner's motion to reopen is denied and this case remains closed.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Reopen (Doc. 7) is **denied.**

**IT IS SO ORDERED**.

**Dated September 10, 2025, in Kansas City, Kansas.**

<u>S/   John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**